IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-02318-PAB-KLM

PAULA FRY,

    Plaintiff,

v.

CITY OF NORTHGLENN, COLORADO,

    Defendant.
_____

**ORDER**
_____

This matter is before the Court on plaintiff's Objection to Magistrate's Order [Docket No. 95/public entry Docket No. 96].

The background facts are set forth in the magistrate judge's order and will not be repeated here except as relevant to resolving the present motion. On September 14, 2016, plaintiff Paula Fry filed this action alleging that defendant City of Northglenn violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, by failing to provide her with a qualified sign language interpreter to communicate with police officers regarding the investigation of her kidnapping and rape. Docket No. 1. On May 10, 2017, defendant submitted its Third Supplemental Disclosures pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, listing plaintiff's adolescent son, D.F., as a person likely to have discoverable information regarding plaintiff's communication preferences and abilities. Docket No. 46-1 at 35, ¶ 31; Docket No. 52 at 1. Plaintiff

filed a motion in limine and/or for a protective order on June 26, 2017, requesting that the Court strike defendant's disclosure of D.F. as a potential witness and prohibit defendant from calling D.F. to testify at trial. Docket No. 46. On October 5, 2017, Magistrate Judge Kristen L. Mix entered an order denying the motion. Docket No. 87. The magistrate judge found that D.F.'s testimony was relevant to the issues in the case and that plaintiff had failed to demonstrate good cause for a protective order. Docket No. 87 at 6-7. In her order, the magistrate judge limited the scope of discoverable testimony to "how [D.F.] communicates with his mother, whether he feels he can effectively communicate with his mother, and his knowledge of whether his mother generally uses ASL, another form of sign language, or some other form(s) altogether." *Id.* at 8. Plaintiff filed an objection to the order on October 19, 2017. Docket No. 95. On November 1, 2017, defendant filed a response, Docket No. 101, to which plaintiff replied on November 7, 2017. Docket No. 106.

Plaintiff's objection pertains to a non-dispositive discovery matter. When reviewing a party's objection to a magistrate judge's order on a non-dispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff objects to the magistrate judge's order on two grounds. First, she argues that the magistrate judge overlooked regulatory guidance regarding the factors to be considered in determining whether there was effective communication between plaintiff and members of the Northglenn police department. In light of these factors, plaintiff asserts that D.F.'s testimony is irrelevant to the issue of defendant's liability. Docket No. 95 at 6-10. Second, plaintiff contends that the magistrate judge erred by failing to exclude D.F.'s testimony under Federal Rule of Evidence 403. Docket No. 95 at 10-13[1].

Plaintiff contends that the magistrate judge ignored interpretive guidance from the Department of Justice ("DOJ Guidance") in determining that D.F.'s testimony constitutes admissible evidence under Federal Rule of Evidence 402. Docket No. 95 at 7. The DOJ Guidance notes that 28 C.F.R. § 35.160(b)(2) provides the following "factors for consideration" in determining the type of auxiliary aid or service necessary to ensure effective communication under the ADA: "the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. Pt. 35, App. A, § 35.160 (2011); *see also* 28 C.F.R. § 35.160(b)(2). Emphasizing the context-specific nature of this inquiry, plaintiff asserts that D.F.'s testimony regarding plaintiff's *general*

---

[1]Plaintiff also argues in her reply that she is entitled to a protective order under Federal Rule of Civil Procedure 26(c)(1) and that D.F.'s testimony will constitute speculative lay opinion. Docket No. 106 at 1-4, ¶¶ 1-7, 11-12. Because these arguments were not clearly raised in plaintiff's initial objection to the magistrate judge's order, however, the Court will not consider them. *See City of Colorado Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009) ("[A]rguments not raised in the opening brief are waived.").

communication abilities and preferences in her daily mother-son interactions has no bearing on whether plaintiff was able to communicate effectively with police officers about her rape. Docket No. 95 at 7-8.

As a preliminary matter, the Court notes that plaintiff's Rule 402 challenge is premature. Defendant seeks only to discover D.F.'s testimony, not admit it into evidence. *Compare* Fed. R. Evid. 402 (establishing admissibility of relevant evidence), *with* Fed. R. Civ. P. 26(b)(1) (stating that information "need not be admissible in evidence to be discoverable"); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1189 (10th Cir. 2009) (noting that, at least in one respect, concept of relevance in discovery "clearly is broader than 'admissibility' at trial").[2] However, even assuming that the standard for relevance is the same under Federal Rule of Civil Procedure 26(b)(1) and Federal Rule of Evidence 401, the magistrate judge's ruling was not clearly erroneous or contrary to law.

The magistrate judge correctly stated that evidence is relevant under Rule 401 if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. This is a liberal standard: "evidence need not be conclusive or highly probative to satisfy Rule 401–'even a minimal probability' that the asserted fact exists will suffice." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1087 (D. Colo. 2006)

---

[2]For the same reason, plaintiff's characterization of her motion as a "motion in limine" is inaccurate. Motions in limine are used to obtain a ruling on the admissibility of evidence before or during trial, not to prevent the disclosure of evidence during discovery. *See generally* 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice & Procedure* § 5037.10 (2d ed. 2005).

(quoting *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998), *overruled on other grounds by Hook v. Ward*, 184 F.3d 1206, 1226-27 (10th Cir. 1999)). With regard to Rule 401's materiality prong, a fact is "of consequence" to the action "when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict." *McVeigh*, 153 F.3d at 1190.

As the magistrate judge recognized in her order, the ADA requires public entities to "take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1). This may require public entities to "furnish appropriate auxiliary aids and services . . . to afford individuals with disabilities . . . an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a public entity." *Id.* § 35.160(b)(1). "In determining what types of auxiliary aids and services are necessary, a public entity shall give primary consideration to the requests of individuals with disabilities." *Id.* § 35.160(b)(2).

The magistrate judge correctly noted, however, that a public entity is not required to honor a disabled individual's choice of accommodation if it can show that "another effective means of communication exists." 28 C.F.R. Pt. 35, App. A, § 35.160. Thus, the dispositive question in determining defendant's liability is not whether defendant provided plaintiff with her choice of auxiliary aid or service, but whether defendant's communication with plaintiff was as effective as defendant's communications with others. *See Petersen v. Hastings Pub. Sch.*, 31 F.3d 705, 708-09 (8th Cir. 1994) (given

evidence of improvement in children's scholastic performance, district court did not err in determining that signing system used by school district was an "effective means of communication" under ADA, despite fact that signing system differed from system preferred by plaintiffs); *Tucker v. Tennessee*, 539 F.3d 526, 533 (6th Cir. 2008) (once plaintiff establishes prima facie case of discrimination under Title II, public entity may avoid liability by showing that it "provided a reasonable means of communication that was as effective as those received by non-disabled persons"), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015); *Ulibarri v. City & Cty. of Denver*, 742 F. Supp. 2d 1192, 1215 (D. Colo. 2010) (defendants were not liable under ADA for failure to provide plaintiff with sign language interpreter because medical record demonstrated that plaintiff "adequately was able to communicate her medical needs" in writing). *But see Updike v. Multnomah Cty.*, 870 F.3d 939, 954, 957 (9th Cir. 2017) (holding that denial of request for accommodation without meaningful assessment of individual's limitations and comprehension abilities is sufficient to preclude summary judgment on ADA discrimination claim); *Pierce v. District of Columbia*, 128 F. Supp. 3d 250, 268-72 (D.D.C. 2015) (holding that public entity has a threshold duty to undertake ex ante evaluation of individual's accommodation requirements and that failure to perform this duty constitutes discrimination, regardless of individual's ability to communicate effectively with public officials).[3] The magistrate

---

[3]Although the magistrate judge incorrectly characterized the inquiry as "whether the methods of communication utilized by Defendant were 'as effective as [Plaintiff's] communications with others,'" Docket No. 87 at 5, she stated and applied the correct standard in the next paragraph of her order, *see id.* at 5-6 (stating that "the pertinent question is whether Plaintiff and Defendant communicated as effectively as Defendant communicated with hearing individuals"). Accordingly, there is no basis for concluding

judge determined that D.F.'s testimony would be relevant to such an inquiry because it would shed light on plaintiff's ability to communicate with hearing individuals (e.g., the police officers) without the assistance of a sign language interpreter. *See* Docket No. 87 at 6. Given the liberal standard of relevance under Rule 401, the Court cannot find that the magistrate judge's ruling was clearly erroneous or contrary to law.

Plaintiff's citation to *Pierce v. District of Columbia* does not suggest a different conclusion. In that case, the court determined that the evidence presented did not preclude summary judgment in the plaintiff's favor. *See Pierce*, 128 F. Supp. 3d at 276-77. However, whether evidence is sufficient to preclude summary judgment is not the same as whether evidence is relevant to a party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any nonprivileged matter that is relevant to any party's claim or defense," regardless of whether information would be admissible in evidence); *Cook*, 580 F. Supp. 2d at 1087 ("[E]vidence need not be conclusive or highly probative to satisfy Rule 401 . . . .").[4]

The Court finds equally unpersuasive plaintiff's assertion that D.F.'s testimony is irrelevant because Northglenn violated the ADA by using plaintiff's parents as interpreters. *See* Docket No. 95 at 9. The mere fact that D.F.'s testimony is irrelevant

---

that the magistrate judge applied an incorrect standard in ruling on plaintiff's motion.

[4] For similar reasons, neither *Updike v. Multnomah County* nor *Proctor v. Prince George's Hospital Center*, 32 F. Supp. 2d 820 (D. Md. 1998), supports plaintiff's position. In *Updike*, the court rejected the defendant's "self-serving observations that its employees believed they were effectively communicating" with the plaintiff as insufficient, standing alone, to support summary judgment in the defendant's favor. 870 F.3d at 956. And the cited language in *Proctor* merely establishes that ignorance of the law is not a defense to liability. *See* 32 F. Supp. 2d at 829.

to this particular theory of liability does not mean that it is irrelevant to the case as a whole. In sum, there is no basis to conclude that the magistrate judge clearly erred in finding D.F.'s testimony relevant and admissible under Federal Rules of Evidence 401 and 402. That portion of plaintiff's objection is overruled.

Plaintiff also argues that the magistrate judge erred by failing to exclude D.F.'s testimony under the balancing test set forth in Federal Rule of Evidence 403. Docket No. 95 at 10-13. Because plaintiff did not present this argument to the magistrate judge, the Court need not consider it. *See United States v. Ledford*, No. 07-cv-01568-WYD-KMT, 2010 WL 749843, at *8 (D. Colo. Mar. 3, 2010) ("[A]rguments not provided to the attention of the magistrate judge will not be considered in connection with review of nondispositive motions." (citing *Claytor v. Comput. Assocs. Int'l, Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003)); *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000) (noting that court's review of objection to magistrate judge's order on non-dispositive motion "is not a de novo review permitting a second shot . . . based on new arguments"); *Health Corp. of Am., Inc. v. N.J. Dental Ass'n*, 77 F.R.D. 488, 492 (D.N.J. 1978) (noting that consideration of argument not presented to magistrate judge would "undermine the rationale of the recent Magistrate Act amendments and would increase, rather than alleviate, the burden of the trial judge in pre-trial matters").[5] In any event,

---

[5]Plaintiff appears to frame her Rule 403 argument as an extension of her previous argument that permitting D.F. to testify would be "annoying, embarrassing, oppressive, harassing, and deeply traumatic" to plaintiff and her son. *See* Docket No. 95 at 10. But plaintiff's prior argument addressed the standard for a protective order under Federal Rule of Civil Procedure 26(c)(1), not the balancing analysis under Federal Rule of Evidence 403. *See* Docket No. 46 at 8.

plaintiff's Rule 403 challenge is premature because defendant is not yet seeking to admit D.F.'s testimony into evidence.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection to Magistrate's Order [Docket No. 95/public entry Docket No. 96] is **OVERRULED**.

DATED February 22, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge